IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**SHIRLEY JOHNSON**                                                                                             **PLAINTIFF**

**VERSUS**                                                          **CIVIL ACTION NO. 2:07cv355KS-MTP**

**21ST MORTGAGE CORPORATION**                                                              **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter is before the court on Motion to Dismiss or Stay Cause and to Compel Arbitration **[#7]** filed on behalf of the defendant.  The court, being fully advised in the premises and having reviewed the motions, the response, the briefs in support thereof and the pleadings and exhibits on file finds that the motion is well taken and should be granted.  The court specifically finds as follows:

## FACTUAL BACKGROUND

On September 21, 2006, Shirley Johnson and her husband, James Johnson, executed and delivered their Retail Installment Contract-Security Agreement, Truth In Lending Disclosure Statement ("Contract") to Timberline Homes, LLC ("Timberline"), in the original principal sum of $47,011.89, together with interest thereon as provided in the Contract for the purchase of a manufactured home.  The Contract was secured by a security interest encumbering the manufactured home.  Timberline assigned all of its right, title and interest in the Contract to defendant 21st Mortgage on that same date.

To perfect its security interest, 21st Mortgage filed an application for certificate of title with the Mississippi State Tax Commission and on November 3, 2006, 21st Mortgage was issued the original Certificate of Title reflecting its first lienholder position on the manufactured home.

At the same time and in conjunction with execution of the Contract, the plaintiff and her husband also agreed to resolve all potential disputes regarding the transaction through arbitration as evidenced by their signatures on a separate "Arbitration Agreement." The Arbitration Agreement provides in pertinent part:

> . . . Buyer and Seller hereby mutually agree to resolve any and all claims or controversies for liability, damages or expenses arising out of or in connection with the home, the contract, or any warranties, representations, or agreements relating thereto (hereinafter referred to as "Claims") by submission of such Claims to binding arbitration pursuant to the Federal Arbitration Act, 9 USC Section 1. The arbitration shall be conducted in accordance with the American Arbitration Association's commercial arbitration rules in the state in which the contract is executed. . . .

Subsequently, a dispute arose between the parties and 21st Mortgage repossessed the mobile home. The plaintiff then filed the instant action for negligent and intentional breach of contract and conversion. She is seeking compensatory and punitive damages, attorney's fees and costs as a result of the defendant's alleged tortious conduct. In response, the defendant has filed the instant motion to dismiss and compel arbitration.

## **ARBITRATION STANDARD**

The Federal Arbitration Act provides that a written agreement to arbitrate in a contract involving interstate commerce "shall be valid, irrevocable, and enforceable,

save upon such grounds as exist at law or in equity for the revocation of any contract."

9 U.S.C. § 2. Section 2 of the Federal Arbitration Act (the "FAA") provides:

> A written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C.A. § 2 (1998).

Controlling case law makes it clear that the FAA expresses a strong national policy in favor of arbitration, and any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration. *Southland v. Keating*, 465 U.S. 1, 10 (1983); *Mouton v. Metropolitan Life Ins. Co.*, 147 F.3d 453, 456 (5th Cir. 1998). This court has previously recognized the strong federal policy favoring enforcement of arbitration agreements, and is acutely aware of the Supreme Court's requirement "that [courts] 'rigorously enforce agreements to arbitrate.'" *Shearson/American Express Inc. v. McMahon*, 482 U.S. 220, 226 (1987) (quoting *Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24 (1983). Further, the FAA contemplates that parties that are aggrieved by another party's failure to arbitrate under a written agreement, may file a motion to stay the trial of an action until such arbitration has been had in accordance with the terms of the agreement. 9 U.S.C. § 3.

As provided for in Section 2 of the FAA the contract in dispute must evidence a transaction involving interstate commerce and the Supreme Court has recognized that Congress, in enacting the Federal Arbitration Act, meant to exercise the full extent of its powers under the commerce clause of the Constitution to ensure that the FAA applies

to any arbitration contract involving interstate commerce. *Allied-Bruce Terminix Companies Inc. v. Dobson*, 513 U.S. 265, 130 L. Ed. 2d 753 (1995). The lending transaction involved herein constituted a consumer credit transaction for purposes of the Federal Truth in Lending Act, 15 U.S.C.A. § 1601, *et seq*, imbuing it with the necessary interstate character. Further, the plaintiff does not dispute that the transactions in question involves interstate commerce within the meaning of the FAA.

After determining that the transaction at issue involves interstate commerce, the court must determine whether the parties should be compelled to arbitrate. This determination involves a two-step inquiry. *Webb v. Investacorp, Inc.*, 89 F.3d 252, 257-58 (5th Cir. 1996). First, the court must determine whether the parties agreed to arbitrate the dispute at issue. *Id*. at 258. This determination involves two additional considerations: (1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement. *Id.* Once the court finds that the parties agreed to arbitrate, it must then determine whether any legal constraints external to the parties' agreement foreclose the arbitration of the claims involved. *Id*.

## **ANALYSIS**

The court finds, and the plaintiff does not dispute, that there is a valid arbitration agreement between the parties nor that the dispute in question falls within that agreement. The plaintiff does object to arbitration, however, on the basis that the defendant has filed a counter-claim against her and has asked to bifurcate the punitive

damages issue, thus allegedly availing itself of this court's jurisdiction to the exclusion of arbitration.

The plaintiff cites *Cox v. Howard, Weil, Labouisse, Friedrichs, Inc.*, 619 So.2d 908 (1993) to support her contention that one who avails oneself of the court's jurisdiction has waived the right to invoke arbitration. However, in *Cox*, the defendant had not merely filed an answer and counter-claim as asserted by the plaintiff, he had filed a motion for summary judgment, requested two continuances, appealed a decision to the Mississippi Supreme Court based on a pretrial ruling, and had requested various types of discovery.

In *Century 21 Maselle and Associates, Inc. v. Smith*, 965 So.2d 1031 (Miss. 2007), the Mississippi Supreme Court considered whether a defendant's request for a jury trial and propounding of discovery constituted a waiver of its right to arbitrate. The *Century 21* Court held that it did not. *Id.* at 1039. The *Century 21* Court also held that "either active participation or substantial invocation of the litigation process which results in detriment or prejudice to the other party, or engaging in conduct inconsistent with timely enforcing the arbitration agreement, constitutes waiver." *Id.* at 1036-7.

In the present case, the court finds that 21st Mortgage has not actively participated in or substantially invoked the litigation process. To the contrary, 21st Mortgage asserted its right to arbitration well before the telephonic case management conference was to be conducted on March12, 2008. Thus, 21st Mortgage has raised the issue of its right to arbitrate at the very earliest stage of the case. 21st Mortgage has not propounded any discovery or made any pre-discovery disclosures that would indicate that it is substantially invoking the litigation process. Further, the plaintiff herein

has not produced any evidence of detriment or prejudice to her from the defendant's timing of its invocation of the right to arbitrate.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion to Dismiss or Stay Cause and to Compel Arbitration **[#7]** filed on behalf of the defendant is Granted, the parties are compelled to arbitration pursuant to the terms of the Arbitration Agreement and this matter is dismissed without prejudice.  A separate judgment shall be entered herein in accordance with Rule 58, Federal Rules of Civil Procedure.

SO ORDERED AND ADJUDGED this 3rd day of April, 2008.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE